## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**JENNIFER ARNOLD**                                                              **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO: 5:14-cv-44-DCB-MTP**

**AETNA LIFE INSURANCE COMPANY**                                                 **DEFENDANT**

### ORDER GRANTING SUMMARY JUDGMENT

This cause is before the Court on Defendant's, Aetna Life Insurance Company, Motion for Judgment as a Matter of Law on Administrative Record, or Alternatively, for Summary Judgment **[docket entry no. 15]** and Plaintiff's, Jennifer Arnold, Motion for Summary Judgment **[docket entry no. 17]**. Having considered the motions and responses, applicable statutory and case law, and being otherwise informed in the premises, the Court finds as follows:

I. Factual and Procedural Background

Plaintiff Jennifer Arnold seeks a reversal of Defendant Aetna Life Insurance Company's ("Aetna") decision to deny her long-term disability benefits under an Employee Retirement Income Security Act ("ERISA") qualified plan.

Arnold began working as a physical therapist and rehabilitation director in March 2010 at Franklin County Memorial Hospital where she enrolled in a Group Life and Accident and Health Insurance Policy issued by Aetna. The policy included coverage for

long term disability benefits. Arnold became eligible for those benefits under the plan on July 1, 2010. "Under the Plan, covered employees are eligible to receive [long term disability] benefits if the employee is disabled and unable to work because of an illness, an injury, or a disabling pregnancy-related condition as determined by AETNA." Mem. Supp. 5, ECF No. 16. The plan also contains a pre-existing condition exclusion to long term disability benefits. Under the plan, a pre-existing condition is one for which a covered employee has been diagnosed, received treatment, or taken medication during the three months before coverage became effective.

On January 25, 2012, Arnold submitted a claim for long term disability benefits. Her claim alleged that she became disabled effective July 22, 2011, because of a primary diagnosis of Lyme disease, a secondary diagnosis of babesiosis, and other diagnoses of bartonella, fibromyalgia, and chronic fatigue syndrome. Arnold's treating physician, Dr. James Forester, made these diagnoses. Dr. Forester further confirmed that Arnold had no ability to work because of her medical conditions. Dr. Forester stated that Arnold's disability was not permanent and that she could participate in a vocational rehabilitation program in one to two years. Arnold had also been treated by Karen Touchstone and Meredith Hayles, certified family nurse practitioners, and Dr. Joe Kim, a pain management specialist. Aetna reviewed Arnold's claim

both through a phone interview with her and a review of her medical records.

On April 17, 2012, Aetna denied Arnold's claim because it found the claim was based on pre-existing conditions. Aetna found that in the three months prior to Arnold's eligibility for disability benefits, she "had been treated with Tramadol for pain and had been treated by Dr. Kim for chronic pain. Since [Arnold] claimed that her pain was a symptom of Lyme disease, and because [she] had been treated for pain, Aetna concluded that her conditions were pre-existing and excluded from coverage." Mem. Supp. 8, ECF No. 16. Arnold appealed. On appeal, the independent physicians determined that Arnold had not been treated for or diagnosed with Lyme disease or Fibromyalgia within the look back period. Therefore, Aetna informed Arnold that it was partially overturning its denial on December 28, 2012, "to determine if these diagnoses support a functional impairment that would prevent [Arnold] from performing the material duties of [her] own occupation." Mem. Supp. 9, ECF No. 16.

On February 7, 2013, Aetna again denied Arnold's claim. It based its second decision on a lack of objective evidence for either diagnosis in Arnold's medical records and a lack of evidence for a functional limitation. Arnold again appealed. On appeal, Dr. Tamara Bowman, an independent physician certified in internal medicine, reached the same conclusions that Aetna had on its second

3

review of Arnold's claim. Dr. Bowman questioned the diagnosis of both babesiosis and Lyme disease and found that there were no clinical findings to support a disability related to either condition or any other malady. On April 30, 2013, Aetna notified Arnold that it had upheld its denial on appeal.

## II. Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). The moving party bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. V. Catrett, 477 U.S. 317, 323 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the non-moving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d

377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But the nonmovant must meet his burden with more than metaphysical doubt, conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). A party asserting a fact is "genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment must be rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### B. ERISA Standard

The parties agree that this case is governed by the standards of ERISA. Where the benefits plan "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan" the court reviews a denial of benefits only for an abuse of discretion. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); see also Anderson v. Cytec Indus., Inc., 619 F.3d 505, 512 (5th Cir. 2010). The plan

administrator's factual determinations are also reviewed for abuse of discretion. See Lafleur v. La. Health Serv. & Indem. Co., 563 F.3d 148, 159 (5th Cir. 2009). The court "appl[ies] this deferential standard of review even where (as here) the administrator is also the party obligated to pay the benefits, although [the court] consider[s] any conflict of interest as a factor in [its] review." Ewing v. Metropolitan Life Ins. Co., 427 F. App'x 380, 381-82 (5th Cir. 2011); Kavanay v. Liberty Life Assur. Co. of Boston, 914 F. Supp. 2d 832, 834 (S.D. Miss. 2012).

Under this standard, "[i]f the plan [administrator's] decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail." Ellis v. Liberty Life Assur. Co. of Boston, 394 F.3d 262, 273 (5th Cir. 2004). "Substantial Evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citation and internal quotation marks omitted). "A decision is arbitrary if it is made without a rational connection between the known facts and decision." Anderson, 619 F.3d at 512. "[R]eview of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness–even if on the low end." Corry v. Liberty Life Assur. Co. of Boston, 499 F.3d 389, 398 (5th Cir. 2007). Moreover, "the existence of contradictory evidence . . . 'does not . . . make

the administrator's decision arbitrary. Indeed, the job of weighing valid, conflicting professional medical opinions is not the job of the courts; that job has been given to the administrators of ERISA plans.'" Killen v. Reliance Standard Life Ins. Co., 776 F.3d 303, 308 (5th Cir. 2015) (quoting Holland v. Int'l Paper Co. Retirement Plan, 576 F.3d 240, 250 (5th Cir. 2009)).

"[A] long line of Fifth Circuit cases stands for the proposition that . . . the district court is constrained to the evidence before the plan administrator." Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 299 (5th Cir. 1999) (collecting cases), overruled on other grounds by Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 112 (2008). "Before filing suit, 'the claimant's lawyer can add additional evidence to the administrative record simply by submitting it to the administrator in a manner that gives the administrator a fair opportunity to consider it.'" Killen, 776 F.3d at 312 (quoting Vega, 188 F.3d at 300). "Such a 'fair opportunity' must come in time for the administrator to 'reconsider his decision.'" Id.

### C. Aetna's Motion[1]

Aetna argues that its denial of benefits should be upheld

---

[1] Aetna styled its motion as one for judgment on the administrative record or, alternatively, for summary judgment. Aetna does not discuss what the difference between these two alternatives would be, and the Court finds that whatever distinction may exist is a distinction without a difference in this case.

7

because Arnold's chronic fatigue syndrome was a pre-existing condition and there was no objective evidence of disability caused by Lyme disease or fibromyalgia. Mem. Supp. 14, 15, ECF No. 16. Arnold counters that Aetna abused its discretion by ignoring the medical evidence of her treating physicians and her subjective symptoms and Aetna's determination is fatally tainted by a conflict of interest. Mem. Opp. 2, 4, 6, ECF No. 20.

1. Pre-existing Conditions

Aetna argues that a portion of Arnold's claim for disability benefits is barred by the pre-existing condition exclusion:

> The medical records showed the Plaintiff was treated on May 6, 2010, by Dr. Joe Kim, a physician specializing in pain management, for chronic right hip and right lower extremity pain. Further, Plaintiff was treated with Tramadol on June 25, 2010 for pain. The April 13, 2011 letter by Ms. Hayles to Dr. Forester also disclosed Plaintiff's long history of pain dating back "two years ago." On appeal, Dr. Rubin, a physician board certified in pain and rehabilitation management, confirmed Plaintiff's diagnosis and treatment for low back pain, right hip pain, and chronic fatigue syndrome during the pre-existing condition look back period.

Mem. Supp. 15, ECF No. 16 (internal citations omitted). Arnold does not address this argument in her response to the motion for summary judgment.[2] In her complaint, Arnold addresses her diagnosis of chronic fatigue syndrome and her chronic pain as resulting in her

---

[2] Nor does she argue against the application of the pre-existing condition exclusion to these conditions in her separate motion for summary judgment. See Mem. Opp. 6, ECF No. 22 ("Plaintiff does not contest Aetna's determination that these other conditions were pre-existing.").

present disability. See Compl. ¶¶ 37-40, ECF No. 1. Therefore, because the "[f]ailure to address a claim results in the abandonment thereof[,]" the Court finds that Arnold has conceded summary judgment on the issue of whether the denial of benefits through the pre-existing condition exclusion was not supported by substantial evidence. See City of Canton v. Nissan N. Am., Inc., 870 F. Supp. 2d 430, 437 (S.D. Miss. 2012) (quoting Sanders v. Sailormen, Inc., No. 3:10cv606, 2012 WL 663021, at *3 (S.D. Miss. Feb. 28, 2012)).

2. Lyme Disease and Fibromyalgia

As discussed above, Aetna partially overturned its denial on appeal because it found that Arnold had not previously been diagnosed with or treated for Lyme Disease or Fibromyalgia. After further review, Aetna again denied benefits. This time on appeal, Aetna's independent physician affirmed[3] the decision to deny disability benefits for two reasons: Dr. Bowman questioned both diagnoses and found no evidence of a disability. The Court agrees

---

[3] Dr. Tamara Bowman is board-certified in internal medicine. As part of her review, Dr. Bowman "reviewed Plaintiff's medical records and consulted with Dr. Forester. Dr. Bowman also spoke with Ms. Hayles regarding her opinion as to Plaintiff's functional abilities. . . . Dr. Bowman also attempted to contact Dr. Kim, but was advised by Dr. Kim's office that he was 'no longer treating this patient. . . .'" Mem. Supp. 10, ECF No. 16. Arnold argues that this review of her claim is insufficient because Dr. Bowman did not physically examine Arnold. In the Fifth Circuit, however, there is no requirement that a consulting physician physically examine a claimant. See Gothard v. Metro. Life Ins. Co., 491 F.3d 246, 249 (5th Cir. 2007).

that there was substantial evidence to deny benefits based on a lack of objective evidence of a functional impairment.

> Aetna argues:
>
> Even if Dr. Forester's diagnoses were supported by clinical evidence, Dr. Forester's records fail to provide any clinical evidence supporting any functional limitations resulting from his diagnoses. As Dr. Bowman noted, with regard to Dr. Forester's diagnoses, there were no physical exam findings, other than positive trigger points and muscle tenderness. There were no records of any "quantifiable deficits in range of motion, actual muscle weakness, abnormal reflexes, focal sensory exam findings, signs of radiculopathy, or abnormal gait." There were no records showing "signs of synovitis, or any evidence of significant radiographic findings at the joints." Moreover, in Dr. Bowman's consultation with Dr. Forester, "he was unable to provide any additional clinical findings to support a functional deficit that would preclude performance of her heavy physical demand job duties or any occupation. . . ."

Mem. Supp. 18, ECF No. 16 (internal citations omitted). Arnold argues against this conclusion, asserting that there is evidence to support a finding of disability and that Aetna ignored the subjective evidence before it. Mem. Opp. 2-3, ECF No. 20. Arnold also argues the existence of a conflict of interest. Arnold's arguments raise the question as to whether Aetna properly considered the evidence before it. Although there is some evidence to support a finding of disability, primarily the findings and diagnoses of Dr. Forester, the existence of evidence in favor of the claimant is not the standard this Court applies in this case; the Court looks to see if there is substantial evidence to support the position of the plan administrator.

10

The Court finds that there is substantial evidence to support the administrator's, and Aetna's, position. Dr. Bowman conducted a thorough and adequate review of Arnold's claim, including review of Dr. Forester's treatment and diagnoses, and found insufficient evidence to support his findings. The Fifth Circuit "has held that an administrator does not abuse its discretion when it relies on the medical opinion of a consulting physician whose opinion conflicts with the claimant's treating physician. This is so even if the consulting physician only reviews medical records and never physically examines the claimant, taxing to credibility though it may be." Gothard, 491 F.3d at 249 (internal footnotes omitted). Therefore, the motion for summary judgment in favor of Aetna will be granted.

   3. Conflict of Interest

Where "the entity that administers the plan, such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket," there is an inherent structural conflict of interest. Glenn, 554 U.S. at 108. "[A] reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits. . . ." Id. Aetna cannot deny the existence of this structural conflict of interest but argues that this conflict be afforded no weight as a factor because Arnold has not shown how it influenced the decision to deny

11

benefits. See Mem. Opp. 2-3, ECF No. 22.

The Supreme Court has stated "that the significance of the [conflict of interest] will depend upon the circumstance of the particular case." Glenn, 554 U.S. at 108. And that the conflict of interest is more important where it is likely to have affected the claims decision, for example "where an insurance company administrator has a history of biased claims administration"; the conflict is less important "where the administrator has taken active steps to reduce potential bias and to promote accuracy. . . ." Glenn, 554 U.S. at 117; see also Holland, 576 F.3d at 248-49. Where the claimant has "offered no evidence to suggest that [the conflict of interest] affected the benefits decision," the Court "do[es] not treat it as a significant factor." White v. Aetna Life Ins. Co. of Hartford Conn., 559 F. App'x 418, 420 (5th Cir. 2014) (per curiam). Because Arnold has not offered any evidence suggesting that the structural conflict of interest influenced Aetna's decision to deny her disability benefits, the Court does not consider it in its review for an abuse of discretion.

### D. Arnold's Motion

The Court found above that the decision to deny benefits was supported by substantial evidence and, therefore, not an abuse of discretion. Thus, the Court will deny Arnold's motion for summary judgment.

### III. Order

IT IS HEREBY ORDERED THAT defendant's motion for summary judgment is GRANTED.

FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED.

A final judgment in accordance with Federal Rule of Civil Procedure 58 will follow.

SO ORDERED this the 17th day of June 2015.

                                    /s/ David Bramlette
                                  UNITED STATES DISTRICT JUDGE